**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**CASE NO.:**

YAAD GREENBERG,

    Plaintiff,

vs.

CBM HOLDINGS LLC,

    Defendant.
_____/

## COMPLAINT

Plaintiff, YAAD GREENBERG ("Plaintiff"), by and through the undersigned counsel, hereby sues Defendant, CBM HOLDINGS LLC ("Defendant"), and in support avers as follows:

## GENERAL ALLEGATIONS

1. This is an action by the Plaintiff for damages exceeding $15,000 excluding attorneys' fees or costs resulting from Defendants' violations of the Fair Labor Standards Act, 29 U.S.C. §§ 201-219 ("FLSA").

2. Plaintiff was at all times relevant to this action, and continues to be, a resident of Palm Beach County Florida, within the jurisdiction of this Honorable Court.

3. Defendant, CBM HOLDINGS LLC, is a Florida Profit Corporation, conducting business in Palm Beach County, Florida, where Plaintiff worked for Defendant and at all times material hereto was and is engaged in interstate commerce.

4. Venue is proper in Palm Beach County because all of the actions that form the basis of this Complaint occurred within Palm Beach County.

5. Declaratory, injunctive, legal and equitable relief sought pursuant to the laws set forth above together with attorneys' fees, costs and damages.

6. All conditions precedent for the filing of this action before this Court have been previously met, including the exhaustion of all pertinent administrative procedures and remedies.

## FACTUAL ALLEGATIONS COMMON TO ALL COUNTS

7. Plaintiff had performed work for Defendant from on or about January 1, 2019 to on or about July 24, 2019 as a Property Manager.

8. From January 1, 2019 to in or about March 2019, Plaintiff worked as a Property Manager at one of Defendant's smaller properties, occasionally taking over responsibilities typically that of a Maintenance Supervisor.

9. In or about April, 2019, Plaintiff was promoted to a larger property called Cameron Estates located in West Palm Beach for the same position.

10. Plaintiff was not informed of any additional job duties, including maintenance work, that he would have to assume outside of the standard duties of a Property Manager at Cameron Estates.

11. Plaintiff had to assume the duties that would have typically been covered by a Maintenance Supervisor in addition to his own duties as Property Manager at Cameron Estates.

12. Through salary research, Plaintiff discovered the industry standard pay for a Maintenance Supervisor in a similarly situated position would make between TWENTY-SEVEN to TWENTY-NINE DOLLARS ($27-$29) an hour.

13. Plaintiff routinely requested more qualified employees to be hired to alleviate this issue through the Human Resources Representative, Keith.

14. Keith informed Plaintiff that "he" (Plaintiff) would have to figure it out.

15. To solve the issue, Plaintiff hired new staff to help but Human Resources would move them to different properties owned by Defendant.

16. Human Resources would then provide Plaintiff with new employees who were not qualified or as qualified as the staff Plaintiff hired.

17. Plaintiff received no help from his supervisors, Alvert Sanchez and Alberto Urrchaga, who refused to assist Plaintiff in finding qualified staff or vendors.

18. As a result, Plaintiff was forced to do maintenance work such as, but not limited to: cleaning overflowing toilets, emptying overflowing garbage collectors, and electrical work.

19. In addition, Defendant Owner, Jeff Greene, had Plaintiff perform unlicensed work because Greene did not want to pay for qualified and licensed vendors.

20. Plaintiff personally ended up spending about THIRTY THOUSAND DOLLARS ($30,000.00) on essential tools and materials in order to perform these additional maintenance tasks.

21. Furthermore, Plaintiff was routinely working long hours that overextended beyond the job duties he was hired to perform as Property Manager.

22. Plaintiff's pay was never increased to reflect these additional job duties that Plaintiff worked in lieu of Defendant hiring an actual Maintenance Supervisor.

23. As such, Plaintiff continually worked 65-70 hour weeks without overtime due to these additional duties that exceeded the scope of his employment contract.

24. Plaintiff has retained the undersigned counsel in order that his rights and interests may be protected. The Plaintiff has thus become obligated to pay the undersigned a reasonable attorney's fee

## COUNT I
### *FLSA Violation against CBM HOLDINGS, LLC.*

25. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1 through 24 of this complaint as if set out in full herein.

26. This action is brought by Plaintiff to recover from the Defendant unpaid overtime compensation, as well as an additional amount as liquidated damages, costs, and reasonable attorney's fees under the provisions of the FLSA.

27. At all times pertinent to this Complaint, Defendant had two or more employees who regularly handled goods and/or materials which had been sold and transported from across state lines of other states, and the Defendant obtains and solicits funds from non-Florida sources, accepts funds from non-Florida sources, uses telephonic transmissions going over state lines to do its business, transmits funds outside the State of Florida, and otherwise regularly engages in interstate commerce, particularly with respect to its employees.

28. Upon information and belief, at all times material hereto, Defendant's annual gross revenue exceeded $500,000 per annum on its own, or as part of a joint enterprise with the other corporate Defendant named herein, or which are as of yet unknown but will be revealed through further discovery.  To the extent that Defendant operated as part of a joint enterprise, it did so with corporate entities that performed related activities, under the common control of the individual Defendant, and for common business purposes related to the work performed by Plaintiff for Defendant.

29.  By reason of the foregoing, the Defendant is and was, during all times hereafter mentioned, an enterprise engaged in commerce or in the production of goods for commerce as defined in §§ 3 (r) and 3(s) of the FLSA, 29 U.S.C. § 203(r) and 203(s).  Defendant's business activities involve those to which the FLSA applies.  The Plaintiff's work for the Defendant likewise affects interstate commerce.

30. Plaintiff seeks to recover for unpaid overtime wages for the work he performed outside the scope of his employment contract which accumulated from the date of hire until Plaintiff's termination.

31. Plaintiff additionally seeks to recover the personal costs spent in order to perform the maintenance work for Defendant.

32. Defendant knew and/or showed reckless disregard of the provisions of the FLSA concerning the payment of minimum and/or overtime wages as required by the FLSA and remain owing Plaintiff these wages since the commencement of Plaintiff's employment with Defendant as set forth above. As such, Plaintiff is entitled to recover double damages.

**WHEREFORE**, Plaintiff respectfully prays for the following relief against Defendant:

   a. Adjudge and decree that Defendant has violated the FLSA and has done so willfully, intentionally and with reckless disregard for Plaintiff's rights;

   b. Award Plaintiff actual damages in the amount shown to be due for unpaid overtime wages, with interest; and

   c. Award Plaintiff the costs of Plaintiff's personal spending to perform the additional maintenance duties; and

   d. Award Plaintiff an equal amount in double damages/liquidated damages; and

   e. Award Plaintiff the costs of this action, together with reasonable attorney fees; and

   f. Grant Plaintiff such additional relief as the Court deems just and proper under the circumstances.

**JURY DEMAND**

Plaintiff demands trial by jury of all issues triable as of right by jury.

Dated: 2/5/2020                                      Respectfully submitted,

/s/ Rainier Regueiro
Rainier Regueiro, Esq.
Florida Bar Number: 115578
**REMER & GEORGES-PIERRE, PLLC**
COMEAU BUILDING
319 Clematis Street, Suite 606
West Palm Beach, FL 33401
Telephone: (561) 225-1970
Facsimile: (305) 416-5005